**THEIDA SALAZAR** SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way  #7192
Burbank, California 91510
P: (818) 433-7290
F: (818) 436-4009
E: salazarlawgroup@gmail.com

*Attorney for Plaintiff, Terry Mayfield*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY MAYFIELD, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF RIVERSIDE, a Government Entity RIVERSIDE SHERRIFF'S DEPARTMENT, a Government Entity and DOES 1 through 50, Inclusive, <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT** <br> JURY TRIAL REQUESTED |

COMES NOW, Plaintiff, TERRY MAYFIELD ("TERRY"), by and through his attorneys of record, complains, alleges and avers as follows:

…

…

…

TM FED COMP| 1

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting police brutality and discrimination in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to Title VI of the Civil Rights Acts of 1964 ("Title VI"), as amended and codified as, 42 U.S.C. §2000d et seq. as well as 42 U.S.C. §1983.

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4. This action, also, includes claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiff asserts that he endured police brutality, disparate treatment and race discrimination due to race which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII").

5. Jurisdiction in this case is also proper pursuant to California Government Code §8315.

6. This Court has jurisdiction over Plaintiff's state law claims are pursuant to 28 U.S.C. §1367(a).

7. During the relevant time period, Defendants, COUNTY OF RIVERSIDE ("COR") and RIVERSIDE SHERRIF'S DEPARTMENT ("RSD") were and are government entities operating within the County of Riverside, within the State of California.

8. Plaintiff, TERRY MAYFIELD ("TERRY") is a resident of Riverside, California and filed a claim with Defendants as required by California Government Code §911.2. However, TERRY's claim was denied, which prompted TERRY to file this complaint for redress.

9. Thus, Defendants COR and RSD were timely notified of the claim, the claims herein are not time barred claims and TERRY's conduct during the incident was reasonable and in good faith thus negating the use of police recklessness.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

10. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful discrimination practices were committed in and arose in the District of California.

11. The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs.

## PARTIES

12. Plaintiff, TERRY MAYFIELD ("TERRY") is an Individual and at all times mentioned in this Complaint was as a resident of Los Angeles County, California and at all times herein.

13. Defendant, COUNTY OF RIVERSIDE ("COR") is a Government Entity, which owns, employs, funds and operates the Defendant RIVERSIDE SHERRIFF DEPARTMENT ("RSD") conducts business in Riverside, California.

14. As government entities, Defendants COR and RSD are required to comply with all state and federal statutes, which prohibit harassment, discrimination and brutality yet these unlawful practices were committed within the San Bernardino, California.

15. Plaintiff sues DOES 1 through 20, inclusive, herein under fictitious names. Plaintiff TERRY does not know their true names and capacities. When Plaintiff ascertains the DOE Defendant' true names and capacities, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other Defendant and is responsible for the damages to Plaintiff herein alleged. Each reference in this Complaint to Defendant, or to any of them, also refers to all Defendant sued under fictitious names.

16. At all relevant times mentioned herein, Defendants aided and abetted the acts and omissions of the other Defendants in proximately causing the damages alleged herein.

## FACTUAL ALLEGATIONS

17. This case is a common pervasive police racial profiling case.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

18. This case is a story of common but unfortunate events whereby police Officers overextend set policy boundaries while relentlessly violating the rights of the common and average law abiding citizen.

19. On August 14, 2021 at approximately 8:20pm, TERRY recalls and states, that as an African-American man, citizen with no arrest records, experienced first-hand the despicable event of severe police brutality.

20. TERRY was entering the freeway on his way home, he was stopped by a motorcycle police officer ("subject freeway").

21. TERRY patiently waited for the officer to approach him.

22. TERRY had his hands on his steering wheel and remained patient while waiting to hear the reason for the stop.

23. That while waiting, TERRY, in less than a minute, observed six (6) additional police cars as well as a helicopter and K9 unit sped up behind his car.

24. That given the amount of Officers that reported to the scene, TERRY was blinded by the lights from the cars and helicopter.

25. That TERRY noticed and observed an abundance of Officers with guns drawn upon him.

26. In absolute fear of his life, TERRY began to beg and plead with the Officers by asking, "what did I do and why have they stopped me?"

27. Despite the cries from TERRY, the Officers completely ignored and purposefully failed to respond his questions regarding the stop on the freeway.

28. In fact, RSD Officers begin yelling at TERRY, instructing him to exit the vehicle with guns continuously drawn towards him.

29. Fearing for his life as well as knowing the history of these types of situations, TERRY listened to every command, backing up, lifting my shirt and turning around until in front of RSD Officers who still had guns out.

30. While TERRY stands, RSD Officers failed to communicate with TERRY the reason for the stop as well as any information regarding the incident despite the fact that TERRY repetitively inquired about the situation.

31. That TERRY receiving no response requested to speak to a supervisor or sergeant.

32. RSD Officers retorted for TERRY to shut up and stop talking. TERRY then witnessed the RSD Officers going through his car attempting to find evidence.

33. TERRY did not consent to any searches or seizures nor did RSD Officers had any lawful reason for the stop, search, seizure as well as the soon arrest.

34. TERRY truly believed that RSD Officers searched the car, detained him and treated him like I was a career criminal.

35. TERRY sat in handcuffs in the back of the police car for approximately 20 minutes.

36. That suddenly an RSD Officer gets in the police vehicle and accelerates rapidly driving away causing extreme confusion for TERRY. TERRY still handcuffed in the back, question the RSD Officer "where are you taking me" because the detention was seemingly becoming over the 45 minute mark as well as the failed communication of the RSD Officers.

37. Again, the RSD Officer rebutted with one phrase stop talking.

38. Once the RSD Officer stops at a vacant lot, two RSD Officers come up and, collectively, leave TERRY in the car for another 20 minutes.

39. Finally, the RSD Officer opens the door and tells TERRY he fit a description and hands TERRY a sheet of paper.

40. That, thereafter, the RSD Officer then drives TERRY back to his car and insists that TERRY leave immediately.

41. TERRY immediately called his wife to inform her of the racially motivated police incident.

42. TERRY feeling injured with intense pain immediate went to Riverside Urgent Care.

43. That the Riverside Urgent Care doctor told TERRY his shoulders were strained from being cuffed for a prolonged time.

44. Due to this unlawful hostile racial profiling incident.

45. That TERRY received treatment for the injuries he suffered in this reckless incident.

46. That TERRY asserts that RSD Deputies engaged in police brutality, as a gang, for the refusal and denial to speak to him regarding the stop and all subsequent actions.

47. That RSD had no reasonable or intelligible reason for stopping TERRY, executing an improper search, an over-extended detainment as well as the severe and injurious handcuffing in this matter.

48. That for these reasons, TERRY seeks redress for the police brutality he endured on August 14, 2021.

## FIRST CAUSE OF ACTION
### RACE DISCRIMINATION

49. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through forty-eight (48) above as though fully set forth hereafter.

50. Title II of the Civil Rights Act 42 U.S.C. §2000(d) states "*[n]o person* in the United States shall, *on the ground of race, color*, or national origin, be excluded from participation in, be denied the benefits of, or *be subjected to discrimination under any program or activity receiving Federal financial assistance*." (bolded and italicized for emphasis)

51. Moreover, Civil Rights Law codified as 42 U.S.C. §1983 states, "*[e]very person who, under color of any statute, ordinance, regulation, custom, or usage*, of any State or Territory or the District of Columbia, *subjects, or causes to be subjected, any citizen* of the United States or other *person* within the jurisdiction thereof to *the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured* in an action at law, suit in equity, or other proper proceeding for redress ." (bolded and italicized for emphasis)

52. Furthermore, California Civil Code 51.7 states, "*all persons within the jurisdiction of this state* have the right to be *free from any violence, or intimidation by threat of violence, committee against their persons* or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51 ... or because another person perceives them to have one or more of those characteristics."

53. In this case, Defendants COR and RSD violated TERRY's constitutional and civil rights by intentionally purposefully allowed racial profiling and race discrimination on the horrendous day in 2021.

54. Defendants COR and RSD are employers of all of the Officers involved in the racially motivated police activity that occurred in this matter.

55. The numerous Caucasian Officers was and possibly still are employees of Defendants COR and RSD.

56. That TERRY was an African American man alone in his car on that August 14th day.

57. It is clear that based upon the above-referenced facts, that Defendants COR and RSD and their Officers subjected TERRY to adverse policies as well as unlawful detention despite TERRY's compliance.

58. TERRY endured an adversely and antagonistically racial discrimination during the entire situation when the Defendants COR and RSD's Officers detained TERRY with harsh handcuffing despite TERRY's humbled compliance with the Officer's directions.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

59. Here, it was clear that Defendants COR and RSD and its Officers egregiously and despicably threatened, search and detained TERRY as if he was completely underserving of life and respect because of the color of his skin.

60. TERRY's race was the substantial motivating reason for Defendants COR and RSD and their Officers' racial profiling and discriminatory conduct which is tantamount to unlawful police practices as well as forceful harassment.

61. Additionally, despite, knowing about these said despicable verbal interactions, Defendants COR and RSD and their Officers never took any action regarding the same thus bolstering the physical and mental harm to TERRY.

62. Thus, Defendants COR and RSD and their Officers' acts and omissions were the substantial factors of the racial profiling and race discrimination caused harm that TERRY endured in this matter.

63. In this case, TERRY was degraded and severely harmed physically as well as emotionally. Further, the abusive acts caused detrimental harm to TERRY.

64. TERRY experiences and endures actual damages in an amount subject to proof at trial.

65. Defendants' actions are intentional and done with willful disregard for the well-established and well-known legal rights of TERRY.

66. Plaintiffs had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees and an amount that exceeds $75,000.00.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**

67. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through sixty-six (66) as though fully set forth hereafter.

68. California Civil Code §714, states: "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

69. Specifically, "'[t]he elements of a cause of action for negligence are well established. They are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c)the breach as the proximate or legal cause of the resulting injury."'" *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.

70. In this case, Defendants, and each of them violated California Civil Code §714 by recklessly and callously detaining TERRY well over 45 minutes as well showing extreme harassment with the continued drawn guns; these acts are unsupported and unlawful.

71. Defendants are Officers for Riverside County as well as the community of the same, thus, as Officers said Officers have a duty to serve and protect its citizens, whether criminal or not, Officers have said duty to serve and protect.

72. Often Officers abuse and misuse this duty.

73. Defendants COR and RSD had a duty to use due care in facilitating TERRY' arrest so as not to not cause injury to him or others.

74. Defendants COR and RSD breached that duty and as a result TERRY suffered extreme harm.

75. TERRY states that COR and RSD he recently had intensive injury to his shoulders as well as his state of mental peace.

76. Further, TERRY states that police erred and reckless conduct included the following aggressive acts: (1) twisted arms behind his back and then handcuffed for well over the standard 45 minute detentions standard; (2) unlawfully searching his vehicle and (3) constant statements of yelling to shut up" and "stop talking."

77. As a further proximate result of the condition created by Defendants COR and RSD, TERRY incurred medical services, reasonably required in the treatment and relief of the injuries herein alleged, and TERRY has been damaged thereby.

78. As a further proximate result of the condition created by Defendants COR and RSD, TERRY will continue to incur, medical and related expenses.

79. Here, TERRY endured police brutality because of Defendant RSD's Officers engaged in extreme overly aggressive conduct for a reckless false arrest.

80. As a proximate result of Defendants COR and RSD willful, wanton, and malicious conduct, TERRY will incur medical bills, and other economic damages in an amount according to proof.

81. The conduct of Defendants COR and RSD, caused injury to TERRY and was reckless and/or unlawful conduct carried on with disregard of the rights and safety of TERRY and subjected him to unjust hardship, pain and suffering, medical bills, and economic losses, so as to justify an award of damages against each Defendant.

82. Pursuant to Government Code§ 815.2 (a), if the finder of fact determines the act arose from and was directly related to RSD official duties, Defendant COR shall be liable for the proximately caused injuries resulting thereof.

83. In this case, TERRY was severely harmed physically, emotionally as well as monetarily.

84. TERRY experiences and endures actual damages in an amount subject to proof at trial.

85. Defendants' actions are intentional and done with reckless disregard for the well-established and well-known legal rights of TERRY.

86. Plaintiff has had to engage the services of attorneys to represent him in this matter and is entitled to an award of reasonable attorney's fees and actual damages in an amount that exceeds $75,000.00.

### THIRD CAUSE OF ACTION
### ASSAULT

87. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through eighty-six (86) above as though fully set forth hereafter.

88. In order to establish a claim for assault TERRY must allege follows:

"(1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed [he] was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin* (2013) 212 Cal.App.4th 652, 668−669

89. TERRY meets the requirements to prove that the Defendants RSD battered him in his subject residential property.

90. Defendants threatened to use excessive force with TERRY unnecessarily when placing the handcuffs on TERRY, whom was detained for arrest, falsely.

91. TERRY was undoubtedly fearful of RSD's Officer's approach upon his vehicle as well as the forceful arrest.

92. TERRY did not agree with RSD's Officer's conduct at all. At no point did TERRY consent to the abusive police actions that he endured in this matter.

93. As stated herein, TERRY endured twisted arms behind his back for a prolonged period of time with guns drawn on him until entry to the police car for further detention.

94. These actions were purely abhorrent, disheartening and disrespectful that TERRY suffered injuries.

95. Here, it is clear that Defendants' COR and RSD actions and failures to rectify the disturbing actions and brutality that occurred thereby causing harm physically, financially and mentally for TERRY.

96. Thus, Defendants' COR and RSD conduct is the substantial factor of causing harm to TERRY in this matter.

97. Pursuant to Government Code§ 815.2 (a), if the finder of fact determines the act arose from and was directly related to RSD's official duties, Defendants COR and RSD shall be liable for the proximately caused injuries resulting thereof.

98. TERRY experiences and endures actual damages in an amount that exceeds $75,000.00.

## FOURTH CAUSE OF ACTION
### BATTERY

99. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-eight (98) above as though fully set forth hereafter.

100. In order to establish a claim for battery TERRY must allege follows:
    > "(1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So v. Shin* (2013) 212 Cal.App.4th 652, 669.

101. Here, it is abundantly clear that Defendant RSD's Officers engaged in grievously battery of TERRY.

102. Defendant RSD, despite TERRY' compliance, decided to crudely battered TERRY when arresting him.

103. These injuries include the following: twisted arms behind his back twisted arms behind his back for a prolonged period of time with guns drawn on him until entry to the police car for further detention that caused injuries to his shoulders.

104. Plaintiff was battered by Defendant RSD's Officers during the course and scope of their occupational and professional services to Defendants COR and RSD.

105. It is clear that on this day Defendants COR and RSD failed to honor their duty to protect and serve.

106. TERRY did not consent to the brutal touching administered by law enforcement of RSD.

107. As a proximate result of Defendant SDSD willful, wanton, malicious and oppressive conduct, TERRY was placed in apprehension of the impending harm that cause him to sustain physical, emotional, and psychological injuries, became depressed and suffer severe and extreme mental and emotional distress in an amount according to proof.

108. Most notably, Defendants COR and SDSD breached its duty by assaulting and battering Plaintiff TERRY and otherwise injuring him by causing severe emotional distress.

109. TERRY was indeed harmed substantially including exacerbated and increased back injury due to the fats that TERRY had shoulder therapy and treatment.

110. Most notably, despite the fact that this has somehow become a new normal for African-American males, no reasonable human being should or would anticipate police brutal recklessness; especially when RSD has inaccurate information and operates aggressively on the false information.

111. A reasonable person would believe that RSD Officers would comply with the mandate to reasonably protect and serve.

112. Defendants COR and RSD acts were the sole substantial factor in causing Plaintiffs injuries.

113. These actions were purely abhorrent, disheartening, disgusting and disrespectful that TERRY suffered injuries including anxiety attacks.

114. Here, it is clear that Defendants' COR and RSD engaged in battery and police brutality caused harm physically, financially and mentally for TERRY.

115. Moreover, pursuant to Government Code§ 815.2(a), if the finder of fact determines the act arose from and was directly related to RSD official duties, Defendant COR shall be liable for the proximately caused injuries resulting thereof.

116. Thus, Defendants' COR and RSD conduct is the substantial factor of causing harm to TERRY and caused him actual damages in an amount that exceeds $75,000.00.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

# FIFTH CAUSE OF ACTION
### VICARIOUS LIABILITY
### PURSUANT TO CALIFORNIA GOVERNMENT CODE §815.2(A)
### (Against Defendant COR)

117. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and sixteen (116) above as though fully set forth hereafter.

118. California Government Code §815.2(a) ("Gov. Code §815.2(a)") states "(a) [a] public *entity* is *liable for injury proximately caused by an act or omission of an employee* of the public entity *within the scope of his employment if the act or omission woul*d, apart from this section, have *given rise to a cause of action against that employee* or his personal representative" (*bolded and italicized for emphasis*)

119. Government Code §815.2 essentially supports and assets that public entities are vicariously liable for their employees' common law negligence.

120. Further, as stated in California Court of Appeals, "[t]o establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the [at fault employee] had prior knowledge of the [at fault]'s propensity to do the bad act." *Z.V. v. County of Riverside* (2015) 238 Cal.App.4th 889, 902)

121. In this case, Defendant COR violated Gov. Code §815.2(a) due to its employees' profiling, discriminatory, violent and brutal acts committed against TERRY.

122. That COR knew for months that its employees and Officers engage in police brutality actions were and are blatantly wrong against the well set criminal laws of California.

123. Defendant COR employs the RSD as well as all other supervisory and regular employees mentioned herein this Complaint.

124. TERRY experienced and endured appalling police negligence and battery by experiencing a purposeful yet unlawful prolonged handcuffing of an African-American male.

125. TERRY states that RSD's Officer's caused harm to his mental and physical health.

126. RSD and its Officers are employed by COR and represent COR every day.

127. COR had prior knowledge of the officer's propensity to engage in police harmful, reckless and brutal acts and have failed to correct said dangerous and unlawful actions.

128. Most importantly, this demeaning and malicious acts of police misconduct and police violence occurred while each officer was acting within the scope of their employment which pursuance to Government Code §815.2 raises the valid allegations that COR is liable as the employer.

129. However, TERRY also states and alleges that COR is responsible for the harm and damages because COR has control over its employees that unleashed state violence as well as human right violations acts against TERRY.

130. Most notably, the police brutality acts occurred by COR employees while said discriminating and violent employees were acting and working within the scope of employment with Defendant COR while said employees and supervisors, including each officer and named employees, were outwardly rendering harm to TERRY.

131. Further, COR's intentional and blatant conduct of ignoring as well as failure to provide redress for the oppressive and brutal acts of its employees evidences the culpability of COR.

132. Further, RSD's Officers had the audacity to continuously tell TERRY to "shut up" and "stop talking" while knowing their own action were unlawful.

133. Thus, Defendant, COR, vicariously harmed TERRY.

134. As a proximate result of Defendant COR's vicarious liability conduct, TERRY has incurred damages in an amount according to proof.

135. As a result of COR's vicarious liability, TERRY has incurred and suffered damages in an amount in excess of $75,000.00.

# SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

136. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and thirty-five (135) above as though fully set forth hereafter.

137. California Court states a "'direct victim' arose to distinguish cases in which damages for serious emotional distress are sought as a result of a breach of duty owed the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.'" *Burgess v. Superior Court*, 2 Cal.4th 1064, 1073 (citing *Marlene F.*, supra, 48 Cal.3d at p. 590.)

138. Here, TERRY had a relationship with Defendants COR and RSD by the nature that Officers are paid through federal and state taxes which forms a relationship between the Officers and the public.

139. TERRY claims that Defendants COR and RSD negligent actions caused him to suffer serious physical injuries, emotional distress; the mental stress of extreme fears caused TERRY mental anguish.

140. COR and RSD's conduct was reckless.

141. COR and RSD's misconduct and violence that caused the onset of the negligent infliction of emotional distress.

142. COR and RSD's actions were extreme and outrageous as COR and RSD's should have known through the exercise of reasonable and prudent care, according to the policies and procedures to protect and serve coupled with the awareness that prolonged detention while being handcuffed will result in extreme and severe harm, and yet the RSD's Officers chose to release race profiling and police abuse.

143. COR and RSD having had knowledge of the propensity of harm and injury that results from police brutal as well as discriminatory acts Defendants and each of them continued with the police misconduct against TERRY.

144. COR and RSD had the means and the resources to perform its duties properly within legal means negating the police wayward acts which resulted in harm to TERRY.

TM FED COMP| 16

145. Thus, COR and RSD knew or should have known Plaintiff could be injured by its police negligence and battery was foreseeable.

146. COR and RSD negligently caused emotional distress which resulted in TERRY incurring, and will continue to incur, medical and related expenses.

147. COR and RSD indeed was the proximate and direct cause of harm to TERRY and knew or should have known he would be injured by the RSD's Officers defiant conduct and acts.

148. As a result of COR and RSD's negligent infliction of emotional distress, TERRY has incurred and suffered damages in an amount in excess of $75,000.00.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

149. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through one hundred and forty-eight (148) above as though fully set forth hereafter.

150. The police profiling conduct of Defendants COR and RSD coupled with the Officers' actions as alleged and statements and omissions made to TERRY demonstrate the outlandish and unlawful acts of the officer which were indeed extreme and outrageous and done with the intent to cause TERRY emotional distress.

151. Defendants COR and RSD and each of them and their Officers acted intentionally, maliciously, and in reckless disregard of the probability that TERRY would suffer emotional distress.

152. TERRY suffered severe emotional distress and as a result of Defendants COR and RSD unscrupulous and unlawful conduct and said conduct, was a substantial factor in causing Plaintiff severe emotional distress.

153. Defendants COR and RSD's conduct was the proximate cause of TERRY being harmed and suffering injuries.

154. Defendants COR and RSD's decision to formulate an unlawful search, arrest and detainment of TERRY was extreme and outrageous.

155. As a further proximate result of the conduct of Defendants COR and RSD, TERRY has been required to undergo extensive mental treatment to address and heal his distress.

156. As a further proximate result of the condition created by the Defendants COR and RSD despicable conduct of the prolonged handcuffing and done in an intentional or reckless manner and caused TERRY emotional distress.

157. Defendants COR and RSD's conduct caused TERRY to suffer severe emotional distress.

158. Defendants COR and RSD acted intentionally, maliciously, and in reckless disregard of the probability that TERRY would suffer emotional distress.

159. TERRY suffered severe emotional distress and as a result, TERRY required therapy as a direct result of Defendants COR and RSD's conduct.

160. Defendants COR and RSD's conduct was a substantial factor in causing Plaintiff severe emotional distress.

161. Defendants COR and RSD's conduct was the proximate cause of TERRY being harmed and suffering injuries.

162. Defendants COR and RSD's decision to severely brutally injured TERRY, despite knowing TERRY was compliant was extreme and outrageous and beyond the scope of common police officer whom is potentially held to a higher standard.

163. As a further proximate result of the conduct of Defendants COR and RSD's unethical, immoral and cruel acts of police recklessness, TERRY has incurred obligations for medical services, reasonably required in the treatment and relief of the injuries herein alleged and has been damaged thereby.

164. Defendants COR and RSD actions are intentional and done with willful disregard for the well-established and well-known legal rights of TERRY.

165. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees and endures damages in excess of $75,000.00.

**WHEREFORE**, Plaintiff, TERRY MAYFIELD prays for judgment against Defendants, and each of them as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For prejudgment interest;
4. For punitive damages;
5. For post judgment interest;
6. For costs of suits incurred herein; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED this day __10th__ March, 2022.

/s/ Theida Salazar

**THEIDA SALAZAR SBN: 295547**
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, California 91510
P: (818) 433-7290
E: *salazarlawgroup@gmail.com*
*Attorney for Terry Mayfield*